Filed 7/24/14  P. v. Coleman CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B251271 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA408534) |
| v. | |
| REBECCA COLEMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed, as amended.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, William H. Shin and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Rebecca Coleman appeals from the judgment imposing a previously suspended sentence after her guilty plea to one count of assault with force likely to cause great bodily injury. Her appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On January 29, 2014, we directed appointed counsel to send the record and a copy of the brief to defendant and notified her of her right to respond within 30 days. We received no response.

On March 3, 2013, defendant, who was homeless, struck another homeless person with a wooden object and threatened to kill him. At the preliminary hearing, the court found insufficient evidence that defendant used a deadly weapon and dismissed count 1. Defendant was charged with criminal threats in count 2. (Pen. Code, § 422, subd. (a).)[1] Two prior prison terms were alleged. (§ 667.5.) The information was later amended by interlineation to add assault with force likely to cause great bodily injury in count 3, but the statutory provision for this count was incorrectly cited as section 245, subdivision (a)(1).[2]

In May 2013, defendant pled guilty to count 3 and admitted the two prison priors. The trial court selected a four-year prison term, and stayed the sentence on the priors. It suspended imposition of the sentence and placed defendant on probation upon various terms and conditions, including that she serve one year in a residential dual-diagnosis program. The court dismissed all remaining counts and allegations.

At a contested hearing in August 2013, defendant testified she walked away from the residential program within the first week because of a bedbug problem at the facility. She did not report to her probation officer. She stayed at a shelter and got on the waiting

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] "Effective January 1, 2012 former subdivision (a)(1) of section 245 was divided into two separate and distinct subdivisions: section 245, subdivision (a)(1), now prohibits assault with a deadly weapon or instrument other than a firearm, and new subdivision (a)(4) prohibits assault by means of force likely to produce great bodily injury. (Stats. 2011, ch. 183, § 1.)" (*People v. Brown* (2012) 210 Cal.App.4th 1, 5, fn. 1.)

list at another program.  The court found defendant in violation of probation, citing her history of violent offenses.  It revoked probation and imposed the previously suspended prison term.

We have reviewed the whole record under *People v. Kelly* (2006) 40 Cal.4th 106, and find no arguable issues on appeal, except that the abstract of judgment incorrectly describes defendant's conviction as "criminal threats" under section 245, subdivision (a)(1).  In supplemental briefs, the parties agree the abstract of judgment should be amended to reflect defendant pled guilty to assault by means of force likely to produce great bodily injury under section 245, subdivision (a)(4).

### DISPOSITION

The judgment is affirmed.  The superior court is directed to prepare an amended abstract of judgment showing defendant's conviction of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)).

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EPSTEIN, P. J.

We concur:

WILLHITE, J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3